IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**JAMIE D. BUIE**,

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation,
**EQUIFAX INFORMATION SERVICES LLC**, a foreign corporation, and
**TRANS UNION, LLC,** a foreign corporation,

    Defendants,

---

**COMPLAINT - JURY TRIAL DEMANDED**

---

COMES NOW Plaintiff, Jamie D. Buie, by counsel, and, for cause of action against Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union, LLC states the following:

1.

This court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Jamie D. Buie ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 USC §1681a(c).

3.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f).

4.

Defendant Equifax Credit Information Services, Inc. ("Equifax") is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f).

5.

Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by FCRA, 15 USC §1681a(f).

6.

Defendant Experian has prepared and issued consumer credit reports concerning plaintiff which include inaccurate information. Plaintiff notified Experian that she disputed the accuracy of the information it was reporting and the information in its files on plaintiff. Experian continued to report inaccurate information.

7.

Defendant Equifax has prepared and issued consumer credit reports concerning plaintiff which include inaccurate information. Plaintiff notified Equifax that she disputed the accuracy of the information it was reporting and the information in its files on plaintiff. Equifax continued to report inaccurate information.

8.

Defendant Trans Union has prepared and issued consumer credit reports concerning plaintiff which include inaccurate information. Plaintiff notified Trans Union that she disputed the accuracy of the information it was reporting and the information in its files on plaintiff. Trans Union continued to report inaccurate information.

### FIRST CLAIM FOR RELIEF

(Against Experian)

(Negligent Noncompliance with FCRA)

9.

Plaintiff realleges and incorporates paragraphs 1 through 8.

10.

Defendant Experian negligently failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

11.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

12.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

SECOND CLAIM FOR RELIEF

(Against Experian)

(Willful Noncompliance with FCRA)

13.

Plaintiff realleges and incorporates paragraphs 1 through 8.

14.

Defendant Experian willfully failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

15.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

16.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

THIRD CLAIM FOR RELIEF

(Against Equifax)

(Negligent Noncompliance with FCRA)

17.

Plaintiff realleges and incorporates paragraphs 1 through 8.

18.

Defendant Equifax negligently failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

19.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

20.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

FOURTH CLAIM FOR RELIEF

(Against Equifax)

(Willful Noncompliance with FCRA)

21.

Plaintiff realleges and incorporates paragraphs 1 through 8.

22.

Defendant Equifax willfully failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

23.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost

opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

24.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

FIFTH CLAIM FOR RELIEF

(Against Trans Union)

(Negligent Noncompliance with FCRA)

25.

Plaintiff realleges and incorporates paragraphs 1 through 8.

26.

Defendant Trans Union negligently failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

27.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

28.

Plaintiff requests attorney fees pursuant to 15 USC §1681o(a).

SIXTH CLAIM FOR RELIEF

(Against Trans Union)

(Willful Noncompliance with FCRA)

29.

Plaintiff realleges and incorporates paragraphs 1 through 8.

30.

Defendant Trans Union willfully failed to comply with the requirements of FCRA, 15 U.S.C. § 1681 et seq.

31.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, loss of self-esteem, interference with her normal and usual activities, and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

32.

Plaintiff requests attorney fees pursuant to 15 USC §1681n(a).

Plaintiff requests a jury trial on all claims.

### Prayer

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

On the First Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Attorney fees; and

3. Costs and expenses incurred in the action.

On the Second Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Punitive damages in an amount to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

On the Third Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Attorney fees; and

3. Costs and expenses incurred in the action.

    On the Fourth Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Punitive damages in an amount to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

    On the Fifth Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Attorney fees; and

3. Costs and expenses incurred in the action.

    On the Sixth Claim for Relief:

1. Actual damages in an amount to be determined by the jury;

2. Punitive damages in an amount to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

DATED this __9__ day of November 2006.

    Respectfully Submitted,

    ____/s/ Richard Wynkoop_____  
    RICHARD WYNKOOP  #32006  
    WYNKOOP & THOMAS, P.C.  
    4410 Yates Street  
    Denver, CO 80212  
    Phone:  720-855-0451  
    Fax: 720-855-0469  
    ATTORNEY FOR PLAINTIFF