UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMIE D. BUIE : | |
| : | |
| Plaintiff, : | Civil Action No. 06-CV-02260 |
| : | WYD-MJW |
| v. : | |
| : | |
| EXPERIAN INFORMATION SOLUTIONS : | |
| INC., EQUIFAX INFORMATION : | |
| SERVICES LLC, and TRANSUNION LLC, : | |
| : | |
| Defendants. : | |
| _____ : | |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW Equifax Information Services LLC ("Equifax") and submits the following answer and affirmative defenses to Plaintiff's Complaint:

1. To the extent that Plaintiff can maintain a federal cause of action, which Equifax denies, jurisdiction would be proper in this Court.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Equifax Information Services LLC, successor in interest to Equifax Credit Information Services, Inc., admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

US1900 9164677.1

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

FIRST CLAIM FOR RELIEF
(Against Experian)
(Negligent Noncompliance with FCRA)

9. In response to Paragraph 9 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

10. No response is required from Equifax to Paragraph 10 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 10 can be construed to relate to Equifax, those allegations are denied.

11. No response is required from Equifax to Paragraph 11 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 11 can be construed to relate to Equifax, those allegations are denied.

12. No response is required from Equifax to Paragraph 12 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 12 can be construed to relate to Equifax, those allegations are denied.

SECOND CLAIM FOR RELIEF
(Against Experian)
(Willful Noncompliance with FCRA)

13. In response to Paragraph 13 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

14. No response is required from Equifax to Paragraph 14 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 14 can be construed to relate to Equifax, those allegations are denied.

15. No response is required from Equifax to Paragraph 15 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 15 can be construed to relate to Equifax, those allegations are denied.

16. No response is required from Equifax to Paragraph 16 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 16 can be construed to relate to Equifax, those allegations are denied.

### THIRD CLAIM FOR RELIEF
(Against Equifax)
(Negligent Noncompliance with FCRA)

17. In response to Paragraph 17 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

18. Equifax denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Equifax denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Equifax admits that Plaintiff requests attorney fees pursuant to 15 USC §1681o(a), but denies any liability to Plaintiff.

### FOURTH CLAIM FOR RELIEF
(Against Equifax)
(Willful Noncompliance with FCRA)

21. In response to Paragraph 21 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

22. Equifax denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Equifax admits that Plaintiff requests attorney fees pursuant to 15 USC §1681n(a), but denies any liability to Plaintiff.

## FIFTH CLAIM FOR RELIEF
(Against Trans Union)
(Negligent Noncompliance with FCRA)

25. In response to Paragraph 25 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

26. No response is required from Equifax to Paragraph 26 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 26 can be construed to relate to Equifax, those allegations are denied.

27. No response is required from Equifax to Paragraph 27 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 27 can be construed to relate to Equifax, those allegations are denied.

28. No response is required from Equifax to Paragraph 28 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 28 can be construed to relate to Equifax, those allegations are denied.

## SIXTH CLAIM FOR RELIEF
(Against Trans Union)
(Willful Noncompliance with FCRA)

29.     In response to Paragraph 29 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

30.     No response is required from Equifax to Paragraph 30 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 30 can be construed to relate to Equifax, those allegations are denied.

31.     No response is required from Equifax to Paragraph 31 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 31 can be construed to relate to Equifax, those allegations are denied.

32.     No response is required from Equifax to Paragraph 32 of Plaintiff's Complaint as this Paragraph is not directed at Equifax and Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. To the extent that any allegation in Paragraph 32 can be construed to relate to Equifax, those allegations are denied.

Equifax admits that Plaintiff requests a jury trial.

Equifax denies that Plaintiff is entitled to any of the relief set forth in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

WHEREFORE, having fully answered Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  That Equifax be dismissed as a party to this action;

(3)  That Equifax recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4)  That Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 4th day of December, 2006.

        EQUIFAX INFORMATION SERVICES LLC


        By: /s/ Lewis P. Perling
           One of its Attorneys
           Lewis P. Perling
           KILPATRICK STOCKTON LLP
           1100 Peachtree Street, Suite 2800
           Atlanta, Georgia  30309
           Tel:  (404) 815-6500
           Fax: (404) 541-3308

## CERTIFICATE OF SERVICE

This is to certify that I have this day, a true and accurate copy of DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT was e-served and/or served by United States mail, with sufficient postage thereon to insure delivery, and addressed as follows:

Richard Wynkoop, Esq.
Wynkoop & Thomas, P.C.
4410 Yates Street
Denver, CO 80212

This 4th day of December, 2006.

                                            /s/ Lewis P. Perling

US1900 9164677.1