IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02260-WYD-MJW

JAMIE D. BUIE

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation,
EQUIFAX INFORMATION SERVICES, LLC, a foreign corporation, and
TRANS UNION, LLC., a foreign corporation,

    Defendants.

## DEFENDANT TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT – JURY TRIAL DEMANDED

COMES NOW Trans Union LLC ("Trans Union"), one of the Defendants in the above-styled and numbered action, and answers Plaintiff's Complaint – Jury Trial Demanded as follows:

1.

Trans Union admits that this Court has jurisdiction of this matter pursuant to 15 U.S.C. § 1681p of the Fair Credit Reporting Act ("FCRA").

2.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 2, and therefore, denies the same.

3.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 3, and therefore, denies the same.

4.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 4, and therefore, denies the same.

5.

Trans Union admits it is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

6.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 6, and therefore, denies the same.

7.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 7, and therefore, denies the same.

8.

Trans Union denies the allegations contained in paragraph 8, sentence 1.  Answering further, Trans Union specifically denies that it reported inaccurate information regarding Plaintiff.  Trans Union is without information or knowledge sufficient to admit or deny the truth of the remaining allegations contained in paragraph 5, and therefore, denies same.

### **FIRST CLAIM FOR RELIEF**

(Against Experian)

(Negligent Noncompliance with FCRA)

9.

Trans Union restates and incorporates its responses to paragraphs 1 through 8.

10.

2

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 10, and therefore, denies the same.

11.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 11, and therefore, denies the same.

12.

Trans Union denies the relief sought by Plaintiff in paragraph 12 of the Complaint.

**SECOND CLAIM FOR RELIEF**

(Against Experian)

(Willful Noncompliance with FCRA)

13.

Trans Union restates and incorporates its responses to paragraphs 1 through 12.

14.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 14, and therefore, denies the same.

15.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 15, and therefore, denies the same.

16.

Trans Union denies the relief sought by Plaintiff in paragraph 16 of the Complaint.

**THIRD CLAIM FOR RELIEF**

(Against Equifax)

(Negligent Noncompliance with FCRA)

17.

Trans Union restates and incorporates its responses to paragraphs 1 through 16.

1948900.1/SP/83057/0487/120506

18.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 18, and therefore, denies the same.

19.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 19, and therefore, denies the same.

20.

Trans Union denies the relief sought by Plaintiff in paragraph 20 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

(Against Equifax)

(Willful Noncompliance with FCRA)

21.

Trans Union restates and incorporates its responses to paragraphs 1 through 20.

22.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 22, and therefore, denies the same.

23.

Trans Union is without information or knowledge sufficient to admit or deny the truth of the averments contained in paragraph 23, and therefore, denies the same.

24.

Trans Union denies the relief sought by Plaintiff in paragraph 24 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

(Against Trans Union)

(Negligent Noncompliance with FCRA)

25.

4

Trans Union restates and incorporates its responses to paragraphs 1 through 24.

26.

Trans Union denies the allegations contained in paragraph 26 of the Complaint.

27.

Trans Union denies the allegations contained in paragraph 27 of the Complaint. Answer further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

28.

Trans Union denies the relief sought by Plaintiff in paragraph 28 of the Complaint.

## SIXTH CLAIM FOR RELIEF

(Against Trans Union)

(Willful Noncompliance with FCRA)

29.

Trans Union restates and incorporates its responses to paragraphs 1 through 28.

30.

Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31.

Trans Union denies the allegations contained in paragraph 31 of the Complaint. Answer further, Trans Union denies that Plaintiff suffered damage as a result of Trans Union's credit reporting practices.

32.

Trans Union denies the relief sought by Plaintiff in paragraph 32 of the Complaint.

Trans Union admits that Plaintiffs have made a proper jury request.

## Prayer

5

Trans Union denies the relief requested by Plaintiff in the Prayer paragraph On the First Claim for Relief, including subparts 1 through 3; On the Second Claim for Relief, including subparts 1 through 4; On the Third Claim for Relief, including subparts 1 through 3; On the Fourth Claim for Relief, including subparts 1 through 4; On the Fifth Claim for Relief, including subparts 1 through 3; and On the Sixth Claim for Relief, including subparts 1 through 4.

## DEFENSES

33. Plaintiff failed to state a claim against Trans Union upon which relief can be granted.

34. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

35. Trans Union alleges that any alleged damage to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

36. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiffs.

37. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

38. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiffs and has not acted with negligence, malice, actual malice, or willful intent to injure.

39. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

40. Trans Union did not publish false or inaccurate information regarding Plaintiff.

41. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

42. Plaintiff failed to mitigate her alleged damages.

43. At all relevant times, Trans Union has acted under a qualified privilege provided under the common law.

44. Any alleged damages to Plaintiffs, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Court deny the relief requested in Plaintiffs' Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

s/ *M. Kasey Ratliff*
BENTON J. BARTON
CSN:  30760
bartonb@hallevans.com
HALL & EVANS, LLC
1200 Seventeenth Street, Ste 1700
Denver, CO  80202-5800
(303).628.3300
(303).628.3368 (Fax)

and

PAUL L. MYERS
M. KASEY RATLIFF
kasey.ratliff@strasburger.com
STRASBURGER & PRICE, LLP
2801 Network Boulevard, Suite 600
Frisco, Texas 75034
(469) 287-3900
(469) 287-3999

***Attorneys for Defendant Trans Union LLC***

8

## CERTIFICATE OF SERVICE

I hereby certify that on 5th of December, 2006, I electronically filed Trans Defendant Trans Union LLC'S Answer To Plaintiff's Complaint – Jury Trial Demanded with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Richard Wynkoop | Lewis P. Perling |
| RickWynkoop@Yahoo.com | lperling@kilpatrickstockton.com |
| WYNKOOP & THOMAS, P.C. | Kilpatrick Stockton, LLP-Atlanta |
| 4410 Yates Street | 1100 Peachtree Street, #2800 |
| Denver, CO 80212 | Atlanta, GA 30309 |
| *Attorney for Plaintiff* | *Attorney for Equifax Information Services LLC* |

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None At this time.

s/ *M. Kasey Ratliff*
M. KASEY RATLIFF

9

1948900.1/SP/83057/0487/120506