UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Jamie Buie,<br><br>        Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>        Defendants. | Case No.: 06-CV-02260-WYD-MJW |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

      1.     In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Experian states that this is a legal conclusion which is not subject to denial or admission.

      2.     In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

      3.     In response to paragraph 3 of the Complaint, Experian admits the allegations contained therein.

      4.     In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

CLI-1473560v1

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. Experian incorporates by reference its responses to paragraphs 1 through 8 of the Complaint.

10. In response to paragraph 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief or damages she seeks in this action, including, but not limited to, attorney fees.

13. Experian incorporates by reference its responses to paragraphs 1 through 12 of the Complaint.

14. In response to paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian denies that Plaintiff is entitled to any of the relief or damages she seeks in this action, including, but not limited to, attorney fees.

17. Experian incorporates by reference its responses to paragraphs 1 through 16 of the Complaint.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. Experian incorporates by reference its responses to paragraphs 1 through 20 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. Experian incorporates by reference its responses to paragraphs 1 through 24 of the Complaint.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. Experian incorporates by reference its responses to paragraphs 1 through 28 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## ADDITIONAL RESPONSE

Experian denies each allegation of the Complaint not specifically admitted above and denies that Plaintiff is entitled to any of the relief or damages she seeks in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were not caused by Experian, but by an independent intervening cause.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: December 6, 2006                    Respectfully submitted,

s/ Colin C. Campbell
Campbell, Latiolais & Ruebel, P.C.
825 Logan Street
Denver, CO 80203
(303) 861-7760

Brad A. Sobolewski (OH 0072835)
(*pro hac vice* application to be filed)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
basobolewski@jonesday.com

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS

-9-

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer and Affirmative Defenses was filed electronically on December 6, 2006. Notice of such filing will be made electronically by way of the Court's electronic notification system and parties may access the filing through the Court's system.

s/   Stacey M. Curtin_____