**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-02260-WYD-MJW

JAMIE BUIE

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation,
EQUIFAX INFORMATION SERVICES LLC, a foreign corporation, and
TRANS UNION, LLC, a foreign corporation,

    Defendants

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

    a.    To be held January 25, 2007, at 9:30am.

    b.    Counsel for Plaintiff:

        Rick Wynkoop, Esq.
        Wynkoop & Thomas, P.C.
        4410 Yates St., Denver, CO 80212
        (720) 855-0451

        Robert S. Sola, Esq.
        Robert S. Sola, P.C.
        8835 S.W. Canyon Lane, Suite 130
        Portland OR, 97225
        (503) 295-6880

    c.    Counsel for Defendants:

    Christine McCallister Garrison
Snell & Wilmer, LLP-Denver
1200 Seventeenth Street Tabor Center #1900
Denver, CO 80202
303-634-2068  Fax: 303-634-2020
Email: cgarrison@swlaw.com
Counsel for Defendant Equifax

    Lewis P. Perling
King & Spalding, LLP-Atlanta
1180 Peachtree Street Atlanta, GA 30309-3521
404-572-3079   Fax: 404-572-5172
Email: LPerling@KSlaw.com
Counsel for Defendant Equifax

    Paul L. Myers
M. Kasey Ratliff
Strasburger & Price, LLP
2801 Network Boulevard, Ste. 600
Frisco, TX 75034
469-287-3900
Counsel for Defendant Trans Union, LLC

    Benton J. Barton
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202
303-628-3300
Local Counsel for Defendant Trans Union, LLC

    Brad A. Sobolewski (OH 0072835)
(admitted to this Court on January 3, 2007)
JONES DAY
North Point
901 Lakeside Avenue  Cleveland, Ohio 44114
Telephone: (216) 586-3939  Facsimile: (216) 579-0212
basobolewski@jonesday.com
Counsel for Defendant Experian

    Colin Campbell (CO12193)
Campbell, Latiolais & Ruebel, P.C.
825 Logan Street  Denver, Colorado 80203
Telephone: (303) 861-7760 Facsimile: (303) 861-7767
 ccc@clr-law.com
Counsel for Defendant Experian

## 2. STATEMENT OF JURISDICTION

Jurisdiction is conferred under 15 U.S.C. §1681p, the Fair Credit Reporting Act.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Claims: Plaintiff Jamie Buie ("plaintiff") alleges that defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC, ("Equifax") and Trans Union, LLC ("Trans Union") have negligently and wilfully failed to comply with the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., causing her actual damages. Plaintiff is a victim of identity theft. Accounts have been opened in her name by unknown persons. Plaintiff reported the identity theft to Experian, Equifax and Trans Union in 2000 and many times thereafter. Yet, they individually continued to report false derogatory credit information, and false personal information, about her for seven years. Plaintiff has repeatedly asked Experian, Equifax and Trans Union to correct the false reporting but each one has refused to do so.

Experian, Equifax and Trans Union have separately failed to comply with numerous requirements of the Fair Credit Reporting Act, including those provisions mandating the maximum possible accuracy of information in credit reports, the provisions regarding information disputed by a consumer, the provisions applicable to victims of identity theft, and the provisions protecting the privacy of credit information. Plaintiff seeks her actual damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n and § 1681o.

b. Defenses:

**Defendant Equifax**- Equifax Information Services LLC denies Planitiff's allegations and shows that it complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. at all times Equifax denies that it caused Plaintiff's damages, if any. Plaintiff's

alleged injuries and damages, if any, were directly and proximately caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.

**Defendant Trans Union**: Trans Union is a consumer reporting agency, as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq.

Trans Union maintains reasonable procedures designed to ensure the maximum possible accuracy of the information it reports.

Trans Union accepted information regarding Plaintiff from reliable sources.

Trans Union has investigated Plaintiff's disputes made with it and timely reported the results of those reinvestigations to Plaintiff.

Trans Union also updated this information contained in Plaintiff's Trans Union credit file pursuant to those reinvestigations when warranted.

Trans Union is still investigating Plaintiff's claims and her communications with Trans Union, if any, and, therefore, cannot comment on the factual allegations at this time.

Trans Union may reasonably rely upon the state of the public record.

Further Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b).

Even if Plaintiff has suffered any compensable damage, such damage was not caused by Trans Union.

Trans Union has not acted with negligence, malice or intent to harm Plaintiff. Trans Union has not acted in reckless or conscious disregard for the rights of Plaintiffs.

Plaintiff's state law claims may be preempted.

Some of Plaintiff's claims or alleged damages may be barred by the applicable statute of limitations.

Trans Union's investigation into the facts and circumstances of this case is on-going.

**Defendant Experian**

To date, Plaintiff has not provided information needed in order to properly investigate her claims. Specifically, her Complaint is silent as to what specific information in her Experian consumer credit file she is alleging is inaccurate. She also does not specify how she was supposedly damaged or how any alleged injuries were caused by Experian. However, it is clear that at all times Experian had reasonable procedures in place which it followed in order to assure the maximum possible accuracy of the information concerning the Plaintiff. At all times, Experian acted in good faith and without intent to injure the Plaintiff. To the extent it had a duty to do so, Experian complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Experian also reiterates and incorporates by reference the affirmative defenses that it raised in its Answer to Plaintiff's Complaint.

c.   Other Parties:   Not applicable.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. This Court has jurisdiction under 15 U.S.C. §1681p.
2. Experian, Equifax and Trans Union are consumer reporting agencies as defined by FCRA, 15 U.S.C. §1681a(f).

## 5. COMPUTATION OF DAMAGES

Plaintiff has suffered, and continues to suffer, the following damages, which are not subject to precise monetary computation: denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, loss of financial independence, loss of self

esteem, invasion of privacy, emotional distress, interference with normal and usual activities and time spent dealing with the credit report errors and the problems caused by those errors. Plaintiff also lost an employment opportunity.

**Defendant Equifax;**

Any damages which Plaintiff may have suffered, which Equifax continues to deny, were not caused by Equifax. Equiafx denies that Plaintiff is entitled to any of the relief or damages she seeks in this action from it.

**Defendant Trans Union:**

If Plaintiff has suffered any compensable damage, which Trans Union continues to deny, such damage was not caused by Trans Union.

Trans Union further denies that Plaintiff is entitled to any of the relief or damages she seeks in this action from Trans Union.

**Defendant Experian**:

Any damages which Plaintiff may have suffered, which Experian continues to deny, were not caused by Experian. Experian denies that Plaintiff is entitled to any of the relief or damages she seeks in this action from Experian.

### 6. REPORT OF PRE CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: January 4, 2007.

b. Richard Wynkoop participated on behalf of the Plaintiff.

Lewis P. Perling participated on behalf of Equifax.

M. Kasey Ratliff participated on behalf Trans Union.

Brad Sobolewski participated on behalf of Experian.

    c.    No proposed changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

    d.    Rule 26(a)(1) disclosures will be made on or before January 18, 2007.

    e.    The parties agree to informally exchange documents and engage in settlement negotiations before pursuing formal discovery.

    f.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.

Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: June 30, 2007.

    b.    Discovery Cut-off: October 31, 2007.

    c.    Dispositive Motion Deadline: November 15, 2007.

      d.    Expert Witness Disclosure: November 15, 2007.

      (1)    Expert testimony is anticipated regarding the contents of plaintiff's credit reports, defendants' procedures for compliance with the Fair Credit Reporting Act, and damages.

      (2)    No limitations are proposed on the use or number of expert witnesses at this time.

      (3)    The parties shall designate all experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2007.

      (4)    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2007.

      (5)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

      e.    Deposition Schedule: The Parties will be deposed no later than August 31, 2007. Any Third party will be deposed no later than September 30, 2007.

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| TransUnion 30(b)(6) representative | Week of Aug 6 |  | 6 hours |

| | | |
|---|---|---|
| Experian 30(b)(6) representative | Week of Aug 6 | 6 hours |
| Equifax 30(b)(6) representative | Week of Aug 6 | 6 hours |
| Jamie Buie | Week of Aug 6 | 7 hours |
| Any experts designated | Week of Jan 15, 08 | 7 hours |
| Any third parties | Week of Sep 3 | 6 hours |

    f.    Interrogatory Schedule:  to commence on January 26, 2007.

    g.    Schedule for Request for Production of Documents:  to commence January 26, 2007.

    h.    Discovery Limitations:

        (1)    No additional limitations are proposed on the number of depositions.

        (2)    Depositions will be limited to seven hours in length unless otherwise agreed to by all parties.

        (3)    No additional modifications are proposed on the presumptive numbers of depositions or interrogatories contained in the federal rules.  Deposition on written question will not be counted towards limit.

        (4)    No additional limitations are proposed on the number of requests for production of documents and/or requests for admissions.

        (5)    No Other Planning or Discovery Orders at this time.

### 9. SETTLEMENT

The parties have discussed the possibility of settlement or resolution of the case by alternative dispute resolution. The parties have agreed to exchange documents and then begin settlement discussions. The parties are willing to engage in a settlement conference with a magistrate if they cannot resolve the case in their negotiations.

### 10.  OTHER SCHEDULING ISSUES

a. There are no discovery or scheduling issues at this time, which counsel, after a good-faith effort, were unable to reach an agreement.

b. Trial will be to a jury, and the anticipated length of trial is five days.

### 11.  DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on_____ at _____ o'clock __.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )   *Pro se* parties and attorneys only need be present.

( )   *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )   Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before January 19, 2007 outlining the facts and issues in the case and the party's settlement position.

  b.  Status conferences will be held in this case at the following dates and times:

    _____

  c.  A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

### 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

### 12.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

**DATED** this _____ day of January 2007.

BY THE COURT:

_____
United States District Court Judge

APPROVED:

/s/Lewis P. Perling
Lewis P. Perling
King & Spalding, LLP-Atlanta
1180 Peachtree Street Atlanta, GA
30309-3521
404-572-3079   Fax: 404-572-5172
Email: LPerling@KSlaw.com
Counsel for Defendant Equifax

/s/ Richard Wynkoop
Richard Wynkoop
Wynkoop & Thomas P.C.
4410 Yates Street
Denver, CO 80212
720-855-0451
Attorney for Plaintiff

/s/M. Kasey Ratliff
M. Kasey Ratliff
Strasburger & Price, LLP
2801 Network Boulevard, Ste. 600
Frisco, TX 75034
469-287-3900
Counsel for Defendant Trans Union, LLC

/s/Brad A. Sobolewski
Brad A. Sobolewski (OH 0072835)
JONES DAY
North Point
901 Lakeside Avenue  Cleveland, Ohio 44114
Telephone: (216) 586-3939  Facsimile: (216) 579-0212
basobolewski@jonesday.com
Counsel for Defendant Experian