IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02260-WYD-MJW

JAMIE D. BUIE,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

Defendants.

---

**RECOMMENDATION THAT ACTION BE DISMISSED AND PLAINTIFF BE DIRECTED
TO PAY REASONABLE ATTORNEY FEES AND COSTS BASED UPON
PLAINTIFF'S REPEATED FAILURE TO APPEAR, FAILURE TO COMPLY WITH
COURT ORDERS, AND FAILURE TO PROSECUTE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate

Judge issued by District Judge Wiley Y. Daniel on November 3, 2006.  (Docket No. 2).

Pursuant to a Minute Order issued on May 1, 2007 (Docket No. 42), a settlement

conference set for May 7, 2007, at 10:00 a.m. was converted to a status conference

during which the court would address a motion to withdraw by plaintiff's counsel.  That

Minute Order specifically directed the plaintiff herself to be present in person for that

status conference.  (Docket No. 42).  Counsel appeared for that status conference on

May 7, 2007,[1] but plaintiff Buie failed to appear.  Her counsel stated that he had not

---

[1]Out-of-town counsel appeared by telephone.

2

heard from the plaintiff, did not know where she was that day, and he had not been able to reach her to complete the interrogatories.  The court then made an unsuccessful attempt to reach the plaintiff by telephone.  (Docket No. 45). Consequently, that status conference was vacated and reset to May 16, 2007, at 9:00 a.m.

Once again, plaintiff was ordered to appear in person for that hearing.  Her attorney was directed to notify plaintiff of the hearing via return receipt U.S. mail and to inform her that should she fail to appear for the next hearing, the court was inclined to recommend dismissal of her case.  (Docket No. 45).  On May 16, 2007, the court called the case, but the plaintiff failed to appear.  Her attorney stated that he notified plaintiff of the hearing via return receipt mail, and plaintiff called and left a message at his office, so she received notice.  The court then contacted the plaintiff by telephone and directed her to appear in person for the hearing.  The court was then in recess from 9:06 a.m. to 10:16 a.m. at which time plaintiff was finally present in court.  The court granted plaintiff's attorney's motion to withdraw.  In addition, a further status conference was set for May 31, 2007, at 3:30 p.m.  Plaintiff was directed to appear in person for that conference.  In addition, plaintiff was directed that if she retained counsel, she was to notify that attorney of the status conference date.  (Docket No. 46-2).

On May 31, 2007, at 3:30 p.m., the pro se plaintiff once again failed to appear as directed by this court.  In addition, plaintiff did not telephone the court at the time set for the hearing, nor did she move for a continuance of the proceeding.  The court notes that at the time of the hearing, it was sunny in Denver, and the roads were clear.

3

Defense counsel appeared for the conference (by telephone and in person) as directed.

Consequently, this court issued an Order to Show Cause on June 1, 2007, directing the plaintiff to appear in person before this court on June 8, 2007, at 11:00 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, and show cause (1) why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, failure to appear, and failure to comply with court orders, (2) why the plaintiff should not be held in contempt of court for failure to comply with court orders, and (3) why the plaintiff should not be directed to pay the reasonable expenses incurred, including attorney's fees, by the defendants for their appearances at the May 7 and 31 proceedings and due to plaintiff's late appearance on May 16. Plaintiff was advised in bold language in that Order to Show Cause "**that her failure to appear at this hearing may very well result in the issuance of sanctions, which could include a recommendation that her case be dismissed, as well as monetary sanctions, such as attorney fees.**"

Once again, however, on June 8, 2007, at 11:00 a.m. the plaintiff failed to appear as directed. Defense counsel appeared as directed. The court's staff repeatedly attempted to reach the plaintiff by telephone, but her cellular connection repeatedly terminated. The court was able to speak with the plaintiff during one of those calls at which time plaintiff advised that she had moved out of state 1.5 weeks before. Nevertheless, plaintiff has still not complied with the Local Rules because she has not filed a change of address with the court. Her copy of the first Order to Show

4

Cause was returned to the court as undeliverable on June 12, 2007 (Docket No. 12), and a copy has since been mailed to plaintiff at the address she verbally provided to chambers on June 8.

Plaintiff further claimed during that telephone conversation on the record that she was present for the May 31 proceeding, but the court notes that plaintiff was not present in its courtroom at the time set for the hearing on May 31, nor did she telephone the court. The court advised the plaintiff that it was giving plaintiff the benefit of the doubt and reset the Show Cause Hearing for June 18, 2007, at 9:30 a.m. Plaintiff advised that that date was not acceptable, and she requested a date in July. Once again, however, the telephone connection then disconnected. The court's secretary, however, was able to leave a voice mail message for the plaintiff, again advising her that she must appear in person on June 18, 2007, at 9:30 a.m. In addition, the court's secretary was able to obtain a new address for the plaintiff.

During several subsequent telephone calls from plaintiff, which were also disconnected, plaintiff claimed that she had talked to an attorney who wanted the case "reassigned" to plaintiff's new area. Chambers staff tried to once again relay to plaintiff that she was to appear in person in Denver on June 18, 2007, at 9:30 a.m., but the connection was disconnected at some point, and plaintiff did not call back. The court notes that new counsel has not entered an appearance on behalf of the plaintiff, and plaintiff has not any motions and has not contacted chambers in any manner since those conversations.

Based upon the foregoing, this court gave the plaintiff the benefit of the doubt

5

and issued a Second Order to Show Cause (Docket No. 52) in which the court

>**ORDERED** that on **June 18, 2007, at 9:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U. S. Courthouse, 901 Nineteenth Street, Denver, Colorado, a Show Cause Hearing will be held at which the **plaintiff shall appear in person** and show cause (1) why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, repeated failure to appear, and repeated failure to comply with court orders, (2) why the plaintiff should not be held in contempt of court for failure to comply with court orders, and (3) why the plaintiff should not be directed to pay the reasonable expenses incurred, including attorney's fees, by the defendants for their appearances at the proceedings on May 7 and 31 and June 8, 2007, and due to plaintiff's late appearance on May 16. **Plaintiff is advised that her failure to appear at this hearing in person may very well result in the issuance of sanctions, which could include a recommendation that her case be dismissed, as well as monetary sanctions, including attorney fees.** It is further

>**ORDERED** that the Clerk of the Court shall send a copy of this Order to Show Cause to the plaintiff by regular and certified U.S. mail to the following address:

>>Jamie D. Buie
>>219 Thompson
>>Summersville SC 29483

(Docket No. 52).

Despite the verbal and written notification of the next proceeding and the warnings about possible sanctions should plaintiff not appear, on June 18, 2007, plaintiff once again failed to appear as directed. (See Docket No. 57). In addition, as before, plaintiff did not even telephone the court at the time set for the hearing, nor did she move for a continuance. The court notes that at the time of the hearing it was sunny and clear in Denver, the temperature was predicted to be in the 90s, and there were no traffic problems. Defense counsel yet again appeared, by telephone and in person, as directed by the court.

6

As stated in both Orders to Show Cause, Rule 16(f) of the Federal Rules of Civil

Procedure provides in relevant part:

> If a party . . . fails to obey a scheduling or pretrial order, or if no
> appearance is made on behalf of a party at a . . . pretrial conference . . .
> the judge, upon motion or the judge's own initiative, may make such
> orders with regard thereto as are just, and among others any of the orders
> provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other
> sanction, the judge shall require the party or the attorney representing the
> party or both to pay the reasonable expenses incurred because of any
> noncompliance with this rule, including attorney's fees, unless the judge
> finds that the noncompliance was substantially justified or that other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule16(f),

permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose
> designated claims or defenses, or prohibiting that party from introducing
> designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or **dismissing the action or
> proceeding** or any part thereof, or rendering a judgment by default
> against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order
> treating as a contempt of court the failure to obey any orders except an
> order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any
> order of court, a defendant may move for dismissal of an action or of any
> claim against the defendant.  Unless the court in its order for dismissal
> otherwise specifies, a dismissal under this subdivision and any dismissal
> not provided for in this rule . . . operates as an adjudication upon the
> merits.

Fed. R. Civ. P. 41(b).

Based upon the foregoing, this court finds that despite the court bending over backwards for the plaintiff, she has repeatedly failed to appear, has repeatedly failed to comply with this court's order, and has failed to prosecute this action despite being warned of the possible sanctions that could be imposed.  It is thus hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, repeated failure to appear, and repeated failure to comply with court orders and that the plaintiff be directed to pay the reasonable expenses incurred, including attorney's fees, by the defendants for their appearances at the proceedings on May 7 and 31 and June 8 and 18, 2007, and due to plaintiff's late appearance on May 16.  It is further

**ORDERED** that the Clerk of the Court shall send a copy of this Recommendation to the plaintiff by regular and certified U.S. mail to the following address:

> Jamie D. Buie
> 219 Thompson
> Summersville SC 29483

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

8

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.   <u>Makin v. Colorado Dep't of</u>**

**<u>Corrections</u>, 183 F.3d 1205, 1210 (10<u>th</u> Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Dated:   June 18, 2007                          s/ Michael J. Watanabe
        Denver, Colorado                          Michael J. Watanabe
                                      United States Magistrate Judge